# EXHIBIT A

Filed
D.C. Superior Court
02/23/2018 14:33PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **FARISSE MOORE** ) | |
| **1198 46TH Place, SE** ) | |
| **Washington, DC 20019** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| **v.** ) | **Civ. Action No.** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **WATER AND SEWER AUTHORITY** ) | |
| **5000 Overlook Avenue, SW** ) | |
| **Washington, DC 20032** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JONATHAN REEVES** ) | |
| **5000 Overlook Avenue, SW** ) | |
| **Washington, DC 20032** ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**COMPLAINT**

Plaintiff Farisse Moore, by and through her attorneys, files this Complaint against the District of Columbia Water and Sewer Authority ("D.C. Water") and Jonathan Reeves and for her Complaint states as follows.

Plaintiff Farisse Moore seeks relief pursuant to the D.C. Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 *et seq.*, including but not limited to declaratory, injunctive and other equitable relief, compensatory and punitive damages and litigation expenses and reasonable attorneys' fees, based on Defendants' discriminatory, harassing and retaliatory actions against Plaintiff Moore.

1

## Jurisdiction and Venue

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to D.C. Code § 11-921.

2.      Venue is proper in this court in that the events and omissions giving rise to Plaintiff's claims occurred here in the District of Columbia and Defendants may be found here.

## Parties

3.      Farisse Moore is an African-American female, a citizen of the United States, a resident of the District of Columbia and an employee of D.C. Water.

4.      Defendant D.C. Water and Sewer Authority is an independent authority of the District of Columbia and is an employer within the meaning of the District of Columbia Human Rights Act, § 2-1401 *et seq*. Defendant Reeves is employed by D.C. Water as the Chief of the Office of Emergency Management (OEM) and is an employer within the meaning of the DCHRA.

## Facts

5.      Plaintiff Moore is employed at D.C. Water as a Program Manager for Fire and Light Safety under the Office of Emergency Management, grade-level 17. Her duties include managing D.C. Water's Fire and Life Safety Program, managing compliance of the fire life safety maintenance, testing and inspection of fire protection systems and equipment, and other related duties. Plaintiff Moore began employment at D.C. Water as a safety manager contractor for the Clean Rivers Tunneling Project in 2011, was later offered permanent employment in August 2015, and was promoted to her current positon in November 2015. Plaintiff Moore's immediate supervisor is Jonathan Reeves, a Caucasian male from Australia, and the Chief of the Office of Emergency Management, and her second level supervisor is Charles Sweeney, Caucasian and the

2

Director of the Department of Sewer Services (DSS).   Throughout her employment, Plaintiff Moore met and exceeded the expectations for her position.

6.     Plaintiff Moore initially shared her workspace with three other employees: Dusti Lownes, a Caucasian female and the Emergency Planning Program Manager, Carl Grant, an African American male and the Hazardous Material Management Coordinator, and Pattie Lamb, a Caucasian female and Part-Time Program Manager of Infrastructure.

7.     Shortly after Mr. Grant was hired in September 2014, Ms. Lownes began to sexually harass Mr. Grant. Ms. Lownes attempted to hug him and constantly called out his name, gave him long stares, and wiggled her chair to his workstation. Ms. Lownes would sit at her desk and open and close her legs and call out "KAAAARRRLLL."  When Ms. Lownes obtained Mr. Grant's phone number, she would call and text him. Ms. Lownes did not attempt to hide her interest in Mr. Grant. Ms. Lamb did not witness the exchanges as she was not frequently in the office and was a close friend of Ms. Lownes. Mr. Reeves witnessed some of Ms. Lownes' actions and brushed it off and commented that Mr. Grant was "a big baby," and did not take any action to address the sexual harassment.

8.     In September 2015, Mr. Grant sent Ms. Lownes an email telling her he was not interested in her romantically.  Ms. Lownes responded by filing an internal sexual harassment claim against Mr. Grant soon thereafter. Even after complaining about Mr. Grant, Ms. Lownes frequently attempted to speak with him. On October 9, 2015, Mr. Reeves told Plaintiff Moore to speak with Denise Mitchell, an African-American and Manager of the Human Capital Management division, about the issue. Mr. Reeves told Plaintiff Moore not to speak with Charles Sweeney if Mr. Sweeney called and told her "don't insert yourself in this." Ms. Mitchell asked Plaintiff Moore to reenact what she observed and Plaintiff Moore did so.

3

9.      Mr. Reeves' demeanor toward Plaintiff Moore changed after her conversation with Ms. Mitchell. For example, Ms. Moore and Ms. Lownes were approved to hire additional staff to assist them with their duties.  Ms. Lownes hired additional full time staff to assist her, but Ms. Moore was not permitted to hire a full time staff person to assist her.  She was provided a part time intern, an underperforming staff member who was removed from another department, and another staff member on light duty, all of whom would not take assignments from Ms. Moore. In addition, Ms. Moore's job required that she wear highly visible work clothing when she had fieldwork. Ms. Reeves initially told Plaintiff Moore that D.C. Water would pay for the clothing. Indeed, Mr. Grant received his highly visible work clothing within a month after he started. However, Plaintiff Moore did not receive her work clothing until February 2016, after she spoke with Mr. Reeves multiple times regarding the clothing. Ms. Lownes received several shipments of clothing before Plaintiff Moore received her first set half a year after she started. Starting in November 2015, Mr. Reeves claimed that receiving work clothing is a privilege and not a right, but Plaintiff Moore continued to observe Ms. Lownes and Mr. Grant receiving clothing.

10.     Mr. Reeves regularly made insensitive racial comments in the office, including comments about slavery and compared Ms. Moore's physical appearance to Aboriginal Australians.  He began making derogatory racial comments about D.C. Water employees in Ms. Moore's presence in November 2015. On November 5, 2015, Mr. Reeves was present in a staff meeting and told an African American foreman, Thomas Sesco, that Mr. Sesco "should get his crackish team together to work on the front door" of Mr. Reeves' office.  Mr. Sesco's team was African American.    Ms. Sesco asked Mr. Reeves if he was suggesting that Mr. Sesco's team was on crack or if he was implying that his behavior appeared to be of a person wanting crack, and Mr. Reeves told Mr. Sesco to choose for himself.

4

11.     In a staff meeting on November 17, 2015, Charles Kiely, an African-American and the Assistant General Manager for Customer Service, stated that he did not appreciate certain workers at the O Street station using the N-word. Later that day, Mr. Reeves told Plaintiff Moore that he did not understand why African-American guys always worried about the term "boy" and stated that he believed Mr. Grant was "blowing [the sexual harassment claim] out of proportion." He also stated: "You guys go around and call each other nigger all the time and if a white person calls you nigger they would be fired." Plaintiff Moore was shocked, hurt, and offended by Mr. Reeves' comments. She did not report his comments because she was afraid for her job, so she walked away from Mr. Reeves.

12.     On January 14, 2016, Plaintiff Moore told Mr. Reeves that she had a doctor's appointment, and specifically a mammogram, and would be out of the office for her doctor's appointment. Mr. Reeves called Plaintiff Moore into his office and directed her to close the door. Plaintiff Moore followed his instructions. Behind closed doors in his office, Mr. Reeves showed Plaintiff Moore a photograph of a woman with her breast exposed with a baby sucking her nipple on his cell phone. Plaintiff Moore found the conduct inappropriate and extremely upsetting, and she walked out of Mr. Reeves' office, embarrassed and humiliated.

13.     On January 28, 2016, Mr. Reeves held a conference call with a D.C. Water employee.  During the call, the D.C. Water employee referred to Ms. Moore as a "bitch" and said the women in the office were "a bunch of bitches" that got on her nerves.  Mr. Reeves was amused by the employee's comments, and Ms. Moore later complained to Mr. Reeves about the incident and no action was taken.

14.     On January 29, 2016, Plaintiff Moore praised a general foreman, Dave Peeler, who is African American, for his performance in an email and copied Mr. Reeves on the email. Mr.

Reeves later called Plaintiff Moore into his office and stated, "Gosh, what if you have to have his hairy black ass on top of you." Again, Plaintiff Moore was offended by the racist comment and walked away from Mr. Reeves' office, but did not report the incident because she feared for her job.

15.     From November 2015 to May 2016, Mr. Reeves frequently called Plaintiff Moore on her private telephone while he was intoxicated, approximately three times a week. On March 17, 2016, Mr. Reeves called Plaintiff Moore and complained that D.C. Water employee, Johnnie Walker, would call him in the middle of the night regarding the alarm system. He stated Mr. Walker was "a worthless pretty black man, hired a black man and protected by a black man" and that Mr. Walker would be fired if he was white. Ms. Moore was disturbed by the comments about Mr. Walker and attempted to change the conversation to discuss her evacuation plan for persons with disabilities.  When she began to discuss her plan for evacuating individuals with disabilities, Mr. Reeves stated, "No one wants to be responsible for a fat ass black woman."  At D.C. Water there are several large African American women in the main building and Ms. Moore believed Mr. Reeves was referring to these employees.  Ms. Moore was shocked and stated that the same protection should be provided to all D.C. Water employees during an evacuation of a building, and Mr. Reeves responded, "No one wants to be responsible for pushing a fat ass Black woman around."  Mr. Reeves later commented that he was on his way to Montgomery Mall in Montgomery County, Maryland and stated he hated the mall because of "all the Mexicans with their new cars and cell phones taking photos of themselves and their loud music."

16.     Throughout Plaintiff Moore's tenure as a program manager, Ms. Lownes would call Plaintiff Moore nicknames like honey, baby, and sweetie. Plaintiff Moore asked Ms. Lownes to stop multiple times because the nicknames made her uncomfortable. She requested that Ms.

6

Lownes instead call her by her first name, Farisse, if Ms. Lownes wished to address her informally. Ms. Lownes stated it was due to her Midwestern upbringing but Ms. Lownes would often times call Plaintiff Moore honey or sweetie several times in a row and see if Plaintiff Moore noticed the nickname. Plaintiff Moore raised her concern to Mr. Reeves, and Mr. Reeves stated it was no big deal. When Plaintiff Moore emailed Mr. Kiely with the same concern in March 2016, Mr. Kiely did not respond.

17.     In April 2016, Plaintiff Moore spoke with the Human Capital Manager, Ms. Mitchell, about Mr. Reeves' racially discriminatory treatment of her. The conversation should have been confidential.  On April 20, 2016, Mr. Reeves came into the office and was very upset.  He called Ms. Moore to his office and asked her to shut the door.  He informed Ms. Moore that he was called to Ms. Mitchell's office and spent two hours being grilled.  He stated that the issue was now in the hands of Human Capital Manager, and that everyone would be interviewed and he could lose his job because Ms. Moore complained, and the complaint could ruin his career at D.C. Water.  Mr. Reeves accused Ms. Moore of attempting to trick him into saying something by communicating by email.  Mr. Reeves was very emotional, and Ms. Moore was so disturbed that she began to have a panic attack.

18.     On May 13, 2016, Ms. Moore was present at work and saw Mr. Reeves in the lobby at D.C. Water.  Mr. Reeves stated to Ms. Moore, "I was having a good day until up to a few minutes ago.  I was just asked if I was going around calling people "nigger.  What do you think about that? Have you heard me call anyone nigger?"  Ms. Moore responded, "Well, you may have."  The conversation was interrupted, and later that day, Mr. Reeves contacted Ms. Moore and stated to her that "Whoever took information outside the office will be dealt with."

19.     In May 2016, Plaintiff Moore reported Mr. Reeves' comments and conduct to the EEOC. However, she feared the repercussions and hoped that the internal investigation would resolve the issue and withdrew her EEOC complaint. After Mr. Reeves discovered her complaint against him, he became more rude and mean to her. Mr. Reeves then began a practice of embarrassing Plaintiff Moore in meetings or excluding her from OEM management meetings. Plaintiff Moore was excluded from approximately six OEM management meetings after she complained about racial discrimination.

20.     On August 10, 2016, Adessa Baker, a new human resources representative, called Plaintiff Moore and Mr. Reeves into a meeting. When Plaintiff Moore walked into the meeting room, she saw her name along with the names of two other employees on the board under the title "possible lawsuits." When Mr. Reeves saw the board, he laughed at Plaintiff Moore.  Also, in 2016, D.C. Water's Chief of Staff to the General Manager spoke at a staff meeting for managers and commented that D.C. Water would not permit employees who filed complaints against D.C. Water to remain employed at D.C. Water, and that if an employee filed a complaint, the employee would be terminated and D.C. Water would deal with the consequences.

21.     In the summer of 2017, Plaintiff Moore was invited to be on an interview panel to fill a vacant position at D.C. Water, but she was later disinvited from the panel. On a separate occasion in 2017, a D.C. Water employee greeted Mr. Reeves and Plaintiff Moore with the statement, "How are those motherfucking niggers doing in the safety office?" Instead of reprimanding the employee, Mr. Reeves laughed at the comment and called the employee a "good guy."  Ms. Moore was horrified by the comments, and Mr. Reeves' lack of response.

22.     In November 2017, before the Thanksgiving holiday, Mr. Reeves asked Ms. Moore what she was preparing for Thanksgiving dinner.  Before she could respond, Mr. Reeves inquired

whether she would be making "fried chicken and collard greens" for Thanksgiving dinner. Ms. Moore was embarrassed and humiliated once again by the racist comments.

23.     In October 2017, Mr. Reeves hired a Caucasian male, Stephen Ayers, to work in OEM. Mr. Ayers was known to come to work intoxicated, and Ms. Moore attended a few morning meetings with Mr. Ayers, and he reeked of alcohol at early morning meetings. Mr. Ayers did not meet the minimum qualifications for the Program Manager, Safety & Fire Life Safety position held by Ms. Moore. Despite his lack of qualifications, on December 22, 2017, Mr. Reeves sent Mr. Ayers an email advising him that effective, January 2, 2018, he would take on the responsibility of "inspecting DC Water facilities and the fire alarm system associated with those facilities," including completing a gap analysis spreadsheet that identifies each facility and the status of the system, developing a list of all issues identified, providing access to the vendor and coordinating with the vendor when they come to complete the work, and being responsible for inspecting and representing OEM to ensure the work is adequately completed. In essence, Mr. Reeves assigned all of Ms. Moore's major duties to the Caucasian male.

24.     Since the internal investigation had not yielded any results and Mr. Reeves discovered Ms. Moore's complaint against him, Plaintiff Moore spoke with the Interim General Manager Henderson Brown about Mr. Reeves' behavior on December 6, 2017. He promised to conduct a confidential investigation but to date, has not responded with an update. Also in December 2017, Plaintiff Moore contacted her City Councilman regarding her treatment and the Councilman advised her to put everything in writing. Plaintiff Moore was forced to take emergency medical leave because she could not manage the stress. When she attempted to return to work the week of December 27, 2017, Mr. Reeves again harassed her to the point that she had to go to the hospital and learned that her blood pressure was 200/100. Plaintiff Moore saw her primary care

9

physician after the hospital visit and her physician directed her not to return to work until she was

seen by a therapist about the matter.

25.    Plaintiff Moore was placed on FMLA leave in January and February 2018.

## COUNT I

**Violation of the District of Columbia Human Rights Act**
**D.C. Code §§ 2-1401 *et seq.***
**(Race and Gender Discrimination)**
**(Disparate Treatment and Hostile Work Environment)**

26.    Plaintiff Moore re-alleges and incorporates by reference paragraphs 1 through 25

above as if set forth fully herein.

27.    At all pertinent times, Defendants were employers under the District of Columbia

Human Rights Act, D.C. Code §§ 2-1401 *et seq.*

28.    At all pertinent times, Plaintiff is an employee entitled to protection under the

District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.*

29.    The D.C. Human Rights Act prohibits discrimination in employment based on an

individual's race and gender. A hostile work environment is a form of prohibited employment

discrimination where the employee is subjected to a work environment permeated with ridicule

and humiliation and/or subjected to adverse action that substantially alters the work environment

because of that employee's race and gender or because the employee complained of discriminatory

treatment.

30.    Defendants, in violation of the D.C. Human Rights Act, knowingly and

intentionally engaged in unlawful discrimination and a hostile work environment against Plaintiff

Moore based on her race and gender. Specifically, Defendant Reeves subjected Plaintiff Moore to

at least three years of racial and sexual harassment, as described above, including use of racial

epithets in describing African American employees and comments of a sexual nature and showing

10

Plaintiff Moore a photograph of a woman bare breast and commenting about having an African American male employee's "hairy ass on top of her."  In addition, Ms. Moore was subjected to disparate treatment when she was denied additional staff to assist her, denied work clothing, removed for an interview panel, excluded from OEM management meetings, and had her major duties reassigned to a Caucasian male in December 2017.   Ms. Moore was treated differently than Ms. Lownes and Mr. Ayers in the terms, conditions and privileges of employment.

31.     Defendants had no legitimate business reason for any such acts.

32.     Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

33.     As a direct and proximate result of D.C. Water's actions, Plaintiff Moore suffered and continues to suffer, among other things, severe humiliation, emotional pain, suffering, embarrassment, anxiety, high blood pressure and issues sleeping.

## COUNT II

**Violation of the District of Columbia Human Rights Act**
**D.C. Code §§ 2-1401 *et seq.***
**(Retaliation)**
**(Disparate Treatment and Hostile Work Environment)**

34.     Plaintiff Moore realleges and incorporates by reference paragraphs 1 through 33 above as if set forth fully herein.

35.     At all pertinent times, Defendants were employers under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.*

36.     At all pertinent times, Plaintiff is an employee entitled to protection under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.*

11

37.     The D.C. Human Rights Act prohibits an employer from taking action against an employee because the employee engages in protected activity and reports acts of discrimination. A hostile work environment is a form of prohibited employment discrimination where the employee is subjected to a work environment permeated with ridicule and humiliation and/or subjected to adverse action that substantially alters the work environment because of that employee's race and gender or because the employee complained of discriminatory treatment.

38.     Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful retaliation against Plaintiff for reporting discrimination. Specifically, after Plaintiff Moore filed a complaint of discrimination against Defendant Reeves in May 2016, Defendant Reeves subjected Plaintiff Moore to years of retaliatory harassment, as described above, prominent placement of her name on a board in the office Human Capital and designation of her as someone who could file a lawsuit against D.C. Water, denial of additional staff to assist her, denial of work clothing, removal for an interview panel, exclusion from OEM management meetings, and reassignment of her major duties to a Caucasian male in December 2017.

39.     Defendants had no legitimate business reason for any such acts.

40.     Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

41.     As a direct and proximate result of D.C. Water's actions, Plaintiff Moore suffered and continues to suffer, among other things, severe humiliation, emotional pain, suffering, embarrassment and issues sleeping.

12

## COUNT III

### 42 U.S.C. § 1981

42.     Plaintiff Moore realleges and incorporates by reference paragraphs 1 through 41 above as if set forth fully herein.

43.     It is a violation of 42 U.S.C. § 1981 to discriminate in the making or enforcing of a contract and to take adverse employment action based on the employee's race. D.C. Water has denied Plaintiff the same right to make and enforce contracts as enjoyed by white citizens employed at D.C. Water.  Specifically, Defendant Reeves subjected Plaintiff Moore to at least three years of racial harassment, as described above, including use of racial epithets in describing African American employees and commenting about having an African American male employee's "hairy ass on top of her."  In addition, Ms. Moore was subjected to disparate treatment when she was denied additional staff to assist her, denied work clothing, removed for an interview panel, excluded from OEM management meetings, and had her major duties reassigned to a Caucasian male in December 2017.  Ms. Moore was treated differently that Ms. Lownes and Mr. Ayers in the terms, conditions and privileges of employment.

44.     As a result of the acts of D.C. Water described above, the Plaintiff has suffered and continues to suffer harm, including but not limited to loss of employment, financial loss, humiliation, embarrassment, emotional distress, anxiety, high blood pressure, and mental anguish.

45.     By reason of D.C. Water's discrimination, Plaintiff is entitled to all legal and equitable remedies under 42 U.S.C. § 1981, as amended.

### Prayer for Relief

WHEREFORE, Plaintiff Moore prays as follows:

A.      That the court issue an Order declaring Defendants' actions to be a violation of the

District of Columbia Human Rights Act, D.C. Code §§ 2-1401 *et seq.*, and 42 U.S.C. § 1981 and

declaring Plaintiff eligible to receive equitable and other relief;

B.      Enter judgment against the Defendants;

C.      Issue a permanent injunction prohibiting Defendants from engaging in any

discriminatory terminations and retaliation;

D.      Enter judgment in favor of Plaintiff against Defendants for all equitable monetary

damages available under the law, including but not limited to back pay and front pay in amounts

to be determined at trial;

E.      Order Defendants to refrain from any retaliation against Plaintiff or any other

person, for participating in or supporting this case in any manner;

F.      Order Defendants to pay compensatory and punitive damages in amounts to be

determined at trial;

G.      Order Defendants to pay Plaintiff's reasonable attorneys' fees, expert fees and

costs; and

H.      Order Defendants to pay pre-judgment and post-judgment interest as provided by

law.


                          Respectfully submitted,

                          _____/s/_____
                          David A. Branch, #438764
                          Law Offices of David A. Branch &
                          Associates, PLLC
                          1828 L Street, NW, Suite 820
                          Washington, DC 20036
                          (202) 785-2805 (phone)
                          (202) 785-0289 (fax)

14

**<u>Jury Trial Demand</u>**

Plaintiff demands a jury trial on all claims against Defendants.



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Farisse Moore
_____
                              Plaintiff
                    vs.

District of Columbia  Water and Sewer Authority, et al.
_____
                              Defendant

Case Number  _____

Serve on:
  District of Columbia Water and Sewer
  Authority
  5000 Overlook Avenue, SW
  Washington, DC 20032

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820
_____
Address
Washington, DC 20036

(202) 785-2805
_____
Telephone

_Clerk of the Court_

By _____
                    Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.          የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828   ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                        Demandante

          contra

_____                  Número de Caso: _____
                                        Demandado

**CITATORIO**

Al susodicho Demandado:

      Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

      A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                        Por: _____

_____                              Subsecretario
Dirección

_____
                                        Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

ያላ ትርጉም (202) 879-4828 ይደውሉ    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

     IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

     Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                    Vea al dorso el original en inglés
                    See reverse side for English original

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Farisse Moore

_____
                                    Plaintiff

                    vs.

District of Columbia  Water and Sewer Authority, et al.
_____
                                    Defendant

Case Number  _____

Serve on:
  Jonathan Reeves
  5000 Overlook Avenue, SW
  Washington, DC 20032

**SUMMONS**

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820
_____
Address
Washington, DC 20036

(202) 785-2805
_____
Telephone

_Clerk of the Court_

By  _____
                    Deputy Clerk

Date  _____

如需翻译, 请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요.     የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

   IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                                    Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante
        contra
                                                        Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____                         *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                Por: _____
_____
Dirección                                                                Subsecretario

_____
                                                Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
           번역을 원하시면 (202) 879-4828 로 전화하십시오        ያስፈልግ ትርጉም ለማግኘት  (202) 879-4828  ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Farisse Moore                                    Case Number: _____

           vs                               Date: February 23, 2018

District of Columbia
Water and Sewer Authority, et al.          ☐ One of the defendants is being sued
                                        in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> David A. Branch | Relationship to Lawsuit |
| Firm Name: <br> Law Office of David A. Branch & Associates | ☑ Attorney for Plaintiff |
| Telephone No.:      Six digit Unified Bar No.: <br> (202) 785-2805      438764 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract     ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty     ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation             ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent     Over $25,000 Consent Denied
☑ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation         ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent    Under $25,000 Consent Denied
                      ☐ 28 Motion to Confirm Arbitration
                         Award (Collection Cases Only)

### B. PROPERTY TORTS

☐ 01 Automobile         ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process       ☐ 10 Invasion of Privacy       ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                 Not Malpractice)
☐ 03 Assault and Battery      ☐ 12 Malicious Interference      ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal          ☐ 20 Friendly Suit
☐ 06 False Accusation        ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest            ☐ 16 Negligence- (Not Automobile,   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                   Not Malpractice)          ☐ 23 Tobacco
                                             ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

2/23/18
_____
Date

CV-496/ June 2015

# EXHIBIT B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| FARISSE MOORE,<br><br>          Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA WATER<br>AND SEWER AUTHORITY<br>          and<br>JONATHAN REEVES,<br><br>          Defendants. | CIVIL ACTION NO.: 2018 CA 001365 B<br><br><br>Judge John M. Mott<br>Next Event: Initial Scheduling Conference<br>          May 25, 2018 |

## DEFENDANTS DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY AND JONATHAN REEVES' NOTICE OF FILING NOTICE OF REMOVAL

Defendants District of Columbia Water and Sewer Authority and Jonathan Reeves pursuant to 28 U.S.C. § 1446(d), hereby gives notice in the above-captioned action that on March 22, 2018, Defendants filed a Notice of Removal in the United States District Court for the District of Columbia, which was served on Plaintiff's counsel by United States Mail on March 22, 2018.  (A copy of the Notice of Removal and all of its exhibits are attached hereto as *Exhibit A*.)

Dated:  this 22nd day of March, 2018.          Respectfully submitted,

                                               /s/ *Jacquelyn L. Thompson*____
                                               Jacquelyn L. Thompson
                                               DC Bar No. 988663
                                               FordHarrison LLP
                                               1300 19th Street, N.W., Suite 300
                                               Washington, DC  20036
                                               Telephone: (202) 719-2000 /
                                               Facsimile: (202) 719-2077
                                               E-mail: jthompson@fordharrison.com

                                               *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2018, a true and correct copy of the

foregoing DEFENDANTS DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY

AND JONATHAN REEVES' NOTICE OF FILING NOTICE OF REMOVAL has been filed with

the Superior Court of the District of Columbia using the CaseFileXpress system, which system

will then send electronic notification of the filing to the following counsel of record:

          David A. Branch
          Law Offices of David A. Branch & Associates, PLLC
          1828 L Street, NW, Suite 820
          Washington, DC 20036

          *Attorney for Plaintiff*

                                               /s/ *Jacquelyn L. Thompson*____
                                               Jacquelyn L. Thompson

WSACTIVELLP:9684397.1

2