UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Farisse Moore,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil No. 18-cv-00657-APM<br>) |
| **District of Columbia Water and Sewer Authority, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiff Farisse Moore filed this lawsuit against her employer, the District of Columbia Water and Sewer Authority ("D.C. Water") and her direct supervisor, Jonathan Reeves. Moore alleges that she has been subjected to discriminatory, harassing, and retaliatory actions on the basis of her race and gender, leading to her disparate treatment and creation of a hostile work environment in violation of the District of Columbia Human Rights Act ("DCHRA") and 42 U.S.C. § 1981.

Before the court is Defendants' Motion to Dismiss. *See generally* Defs.' Mot. to Dismiss. Compl., ECF No. 6; Mem. in Support of Defs.' Mot. [hereinafter Defs.' Mem.], ECF No. 6-1. For the reasons that follow, the court denies Defendants' Motion.

II.

Many of the Defendants' arguments border on frivolous, therefore the court need not spend much time addressing them.[1]

Defendants' argument that the court ought to ignore any alleged conduct that predates February 23, 2017, both misreads the Complaint and misunderstands the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). First, Plaintiff has asserted a claim under 42 U.S.C.§ 1981. Such claims have either a three- or four-year limitations period. *See Morris v. Carter Glob. Lee, Inc.*, 997 F.Supp.2d 27, 38 (D.D.C. 2013). Under either limitation period, Plaintiff's section 1981 claim forecloses the court from walling off events alleged to have occurred before February 23, 2017.

Second, under *Morgan*, the alleged conduct pre-dating February 23, 2017, is relevant to Plaintiff's hostile work environment claims. Under *Morgan*, "[if] an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 117; *accord Lively v. Flexible Packaging Ass'n*, 830 A.2d 874, 890–93 (D.C. 2003) (applying *Morgan* to claims under the DCHRA). Here, Plaintiff alleges that Defendants subjected her to a hostile work environment because of her race and gender and in retaliation for the protected action of reporting Defendant Reeves's discriminatory treatment. *See* Not. of Removal, ECF No. 1, Ex. ECF No. 1-1 [hereinafter Compl.], ¶¶ 26–41. One of the final discriminatory acts Reeves is alleged to have taken against Plaintiff is removing her major job duties in December 2017, well within the one-year limitations period. *See* Compl. ¶ 23. Accordingly, under *Morgan*, the court

---

[1] The court, writing primarily for the parties, does not summarize the Complaint's factual allegations, but refers to the allegations as necessary to resolve the issues presented.
.

cannot ignore the acts pre-dating February 23, 2017, even if they would be untimely as discrete acts of discrimination. *See Lively*, 830 A.2d at 890 ("It does not matter, for purposes of the [DCHRA], that some of the component acts of the hostile work environment fall outside the statutory time period.") (citation and internal quotation marks omitted).

III.

The court now turns to Defendants' various arguments as to why Plaintiff has failed to state a claim.

A.

To begin, Defendants' insistence that Plaintiff has failed to allege an adverse action to support her disparate treatment claims is wrong. Plaintiff alleges that Defendant Reeves hired a Caucasian male, who was unqualified and known to come to work drunk, and then, on December 22, 2017, "assigned all of Ms. Moore's major duties" to him. Compl. ¶ 23. Stripping Plaintiff of her "major duties" is a legally cognizable adverse action. *See Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007); *cf. Baloch v. Kempthorne*, 550 F.3d 1191, 1197 (D.C. Cir. 2008) (holding that the plaintiff had not suffered an adverse action when his "duties in the wake of [another's] hiring did not constitute a qualitatively inferior work requiring any less skill or knowledge"). Plaintiff has sufficiently pleaded facts that, if true, would satisfy the adversity requirement. *See* Compl. ¶ 23.

Defendants' contention that "the Complaint is devoid of any allegations" of discriminatory animus is mystifying. Plaintiff alleges that Defendant Reeves made a laundry list of derogatory and inflammatory comments directed to or around her throughout her employment, including intermittent use of the n***** word, Compl. ¶¶ 11, 18; use of the term "crackish" in reference to an all African-American employee team, *id.* ¶ 10; discussion of an African American employee's

"hairy black ass" being on top of Plaintiff in a sexual manner, *id.* ¶ 14; and showing Plaintiff a photograph of a woman's bare breast, *id.* ¶ 12. These allegations easily give rise to a plausible inference of discriminatory animus.

B.

Next, Defendants contend that the conduct alleged by Plaintiff is not "sufficiently severe or pervasive" to create a hostile work environment. Defs.' Mem. at 11. Further, Defendants again argue that Plaintiff has failed to allege a causal link between her race and gender and her hostile work environment. *Id.* at 11–12.

These arguments hardly merit a response. The alleged litany of offensive language and actions is beyond adequate to survive a motion to dismiss. Additionally, as already discussed, Plaintiff has pleaded a causal link between her race and gender and the hostile work environment marred with alleged racist and sexual conduct. Plaintiff may proceed to discovery on her hostile work environment claims.

C.

Defendants also challenge the sufficiency of Plaintiffs' disparate treatment retaliation claim. They argue that Plaintiff fails to state a "prima facie case of retaliation" because she fails to allege an adverse action and a causal link between her protected activity and any adverse action. Defs.' Mem. at 12–15.

An action is materially adverse for purposes of a retaliation claim if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Taylor v. Solis*, 571 F.3d 1313, 1320 (D.C. Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Being relieved of all major job duties easily satisfies that adversity standard.

4

Also, Plaintiff has sufficiently pleaded a causal link between her protected activity and Defendants' adverse action. It is well-established that "temporal proximity is one way of proving causation." *Craig v. D.C.*, 881 F. Supp.2d 26, 35 (D.D.C. 2012); *see also Casole v. Johanns*, 577 F. Supp. 2d 138, 141 (D.D.C. 2008). Plaintiff alleges that she reached out to the Interim General Manager regarding Defendant Reeves's behavior on December 6, 2017, and then just two weeks later, on December 22, 2017, Reeves reassigned Plaintiff's job duties. *Id.* ¶¶ 23–24. The mere 16 days between Plaintiff's protected activity (renewing her complaint by this time raising it with the Interim General Manager) and the Defendants' adverse action easily creates a plausible inference of causation at this stage.

Finally, Defendants make no specific argument as to Plaintiff's retaliatory hostile work environment claim, so the court need not address it.

D.

Defendants' final arguments challenge Plaintiff's section 1981 claim.[2] Defendants maintain that (1) Plaintiff has not sufficiently alleged a contractual relationship between herself and D.C. Water; (2) D.C. Water is a state actor, meaning that Plaintiff could "not sue it directly under Section 1981"; and, (3) Plaintiff has not sufficiently alleged that Defendants' conduct was causally tied to her race. Defs.' Mem. at 16–17. Each of these arguments lacks merit.

Courts in this District consistently have held that a formal or term-specific employment contract is not required to assert a claim under section 1981. *See e.g. Uzoukwu v. Metro. Washington Council of Governments*, 983 F.Supp.2d 67, 89 (D.D.C. 2013) (holding that plaintiff's

---

[2] Section 1981 protects the right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts . . ." without respect to race. 42 U.S.C. §1981(a) (2014). The current version of the statute defines "make and enforce contracts" to "include[] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981(b) (2014).

at-will status "does not foreclose her Section 1981 claims"); *see also Sheppard v. Dickstein, Shapiro, Morin & Oshinsky*, 59 F.Supp.2d 27, 32 (D.D.C. 1999). "District of Columbia law does treat at-will employment agreements as contracts," and thus an at-will employee can maintain a cause of action under the "make and enforce" clause of section 1981. *Id.*

Further, D.C. Water is not a state actor. D.C. Water is "a distinctly independent agency established to engage in proprietary activities" and thus has a separate legal existence from the District of Columbia government. *D.C. Water & Sewer Auth. v. Delon Hampton & Assocs.,* 851 A.2d 410, 416 (D.C. 2004); *see also Dingwall v. D.C. Water & Sewer Auth.*, 800 A.2d 686, 687-88 (D.C. 2002) (rejecting the argument that D.C. Water was entitled to the pre-suit notice required to be given to "the District [of Columbia] government" by statute). D.C. Water therefore enjoys no sovereign immunity from suit under section 1981.

Finally, the court already has rejected Defendants' argument that Plaintiff has not properly alleged that her race was the cause of Defendants' conduct and does so once more.

IV.

For the reasons stated above, Defendants' Motion to Dismiss is denied in its entirety. Defendants shall answer the Complaint no later than 14 days following the entry of this order.

Dated: November 14, 2018

Amit P. Mehta
United States District Judge